**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TROY RAY EMANUEL JR., | Case No. 2:24-cv-01356-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| MORDA, *et al*., | |
| Defendants. | |

Before the Court for consideration is Plaintiff Troy Ray Emanuel, Jr.'s (ECF No. 9) Motion for a Temporary Restraining Order ("TRO") and (ECF No. 10) Motion for Appointment of Counsel. For the following reasons, the Court denies the Motion for TRO without prejudice, and grants the Motion for Appointment of Counsel.

**I.    PROCEDURAL BACKGROUND**

On July 23, 2024, Plaintiff, *pro se* and incarcerated, filed a Motion for Leave to Proceed *in forma pauperis* and attached Complaint. ECF No. 1. On August 1, 2024, Plaintiff filed a Motion for a TRO. ECF No. 3. On September 11, 2024, this Court screened Plaintiff's Complaint and granted Plaintiff leave to file an amended complaint curing the deficiencies described in the Screening Order. ECF No. 4. The Court also denied Plaintiff's Motion for TRO, which sought emergency release from prison, as not narrowly drawn to correct his alleged harm. Id.

On September 17, 2025, Plaintiff filed a Motion for Appointment of Counsel. ECF No. 6. On September 19, 2025, Plaintiff filed his First Amended Complaint ("FAC"). ECF No. 7. On April 14, 2025, the Court screened the FAC, and allowed Plaintiff's first claim for Eighth

1   Amendment excessive force and second claim for Eighth Amendment deliberate indifference to a
2   serious medical need to proceed. ECF No. 8. The Court denied his Motion for Appointment of
3   Counsel without prejudice. Id. The Court further stayed this action for 90 days to allow the parties
4   to engage in the inmate mediation program. Id. A mediation is scheduled for June 27, 2025. ECF
5   No. 13.

6   On April 25, 2025, Plaintiff filed a second Motion for TRO. ECF No. 9. The same day he
7   filed a second Motion for Appointment of Counsel. ECF No. 10. He also filed a Reply in support
8   of the Motion for TRO, despite no opposition being filed. ECF No. 14. The Court's Order on both
9   pending Motions follows.

## II.   LEGAL STANDARDS

*Pro se* pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### A.  Motion for TRO

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. See Stuhlbarg Intern. Sales Co. v. John D. Brush and Co.,240 F.3d 832, 839 n.7 (9th Cir. 2001). Preliminary injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

### B.  Motion for Appointment of Counsel

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28

U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. "Neither of these considerations is dispositive and instead must be viewed together." Id.

### III.   DISCUSSION

#### A. Motion for TRO

Having reviewed Plaintiff's Motion for TRO, the Court finds it is deficient for the following reasons.

##### 1.   Irreparable Harm

The Court finds Plaintiff fails to demonstrate, beyond conclusory allegations unsupported by specific facts, that he is at immediate risk of suffering irreparable harm. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm . . . a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

This case arises from the alleged excessive use of force against Plaintiff by prison officials at High Desert State Prison (HDSP), which caused him injury, for which he alleges he has not received treatment. In the operative Complaint and the instant Motion for TRO, Plaintiff refers to incidents which occurred while he was incarcerated at Ely State Prison (ESP), and his allegations in other lawsuits related to those incidents, which led to his transfer from ESP to HDSP. He further claims unnamed officers are trying to kill him, trying to make him mad, and not giving him his property. These are broad, conclusory allegations that are unsupported by specific facts. This Court cannot credit Plaintiff's claim that he is in danger without immediate intervention in the absence of specific facts identifying the HDSP officers he believes are trying to kill him, the specific acts

those HDSP (not ESP) officers have taken since he initiated this lawsuit that support his claim they are trying to kill him, the specific property being kept from him, and why that property is necessary to avoid an immediate and irreparable threatened injury.

In sum, to obtain preliminary injunctive relief, Plaintiff must provide this Court sufficient evidence to show "he is likely to suffer irreparable harm before a decision on the merits can be rendered." Boardman v. Pac. Seafood Grp., 822 F.3d 1011, 1023 (9th Cir. 2016) (citing Winter, 555 U.S. at 22). Although the Court construes Plaintiff's Motion liberally, the Court finds Plaintiff's broad, conclusory allegations are insufficient to warrant the extraordinary remedy of preliminary injunctive relief.

### 2. Relief Requested

In his Motion, Plaintiff only requests a hearing and a ruling in his favor, but no specific relief that could remedy the harms he complains of. Importantly, any relief this Court can grant must be "the least intrusive means necessary to correct the harm." 18 U.S.C. 3626(a)(2).

Further, for a court to grant injunctive relief, there must be a sufficient connection between the claims raised in a motion and the claims set forth in the underlying complaint itself. Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally. Id. Therefore, this Court is limited to remedying violations of the Eighth Amendment that are related to Plaintiff's claims for excessive force and deliberate indifference to medical need which have occurred during his incarceration at HDSP, as described in this Court's April 14, 2025 (ECF No. 8) Screening Order. See Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981) (federal courts are limited to intervening in the operation of state prisons only to "correct those conditions necessary to eliminate the type of treatment condemned by the Eighth Amendment").

Because Plaintiff's Motion for TRO does not identify a threatened immediate and irreparable injury with specific factual allegations, nor does it request specific relief that this Court has the authority to grant, the Court denies the Motion without prejudice.

### B. Motion for Appointment of Counsel

Plaintiff's Motion for Appointment of Counsel states that there are officers involved in the alleged Eighth Amendment violations underlying his case who have not been identified, and who he cannot identify without the assistance of an attorney. The Court further takes judicial notice of his case <u>Emanuel v. Cooke, et al</u>., 3:23-cv-00564-MMD-CSD, which led to his transfer from ESP to HDSP. Under the circumstances, the Court finds referral of this case to the Pro Bono Program is warranted. The Court refers this case to the Pro Bono Program for the purposes of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for Plaintiff Troy Emanuel, Jr. The scope of appointment is for all purposes.

### C. Failure to Sign Motions

Finally, the Court notes Plaintiff has failed to sign his latest Motions in his name. ECF Nos. 9-10. Plaintiff must personally sign every filing he submits to this Court. See Fed. R. Civ. P. 11(a). The Court will not consider any future unsigned filings and may strike them from the docket. <u>Id.</u>

### IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's (ECF No. 9) Motion for a Temporary Restraining Order ("TRO") is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's (ECF No. 10) Motion for Appointment of Counsel is **GRANTED**. The Clerk of Court is directed to forward this Order to the Pro Bono Liaison.

**DATED:** May 28, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**